IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 96-181 |
| | : | |
| ALFRED DOVER | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                          **JUNE 12, 2017**

      Presently before the Court is Petitioner Alfred Dover's Petition for Writ of Error *Coram Nobis* pursuant to 28 U.S.C. § 1651(a). (ECF No. 259.) For the following reasons, Petitioner's Petition will be denied. In the interest of justice, the Petition will be transferred to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, as a petition for leave to file a second or successive habeas petition under 28 U.S.C. § 2255(h).

**I.    BACKGROUND**

      In 1997, Petitioner Alfred Dover was convicted of three crimes—possession of cocaine with intent to distribute, use of a firearm in furtherance of drug trafficking, and possession of a firearm as a convicted felon. Over the course of the last twenty years, Petitioner has consistently and unequivocally maintained his innocence. After an unsuccessful attempt (1) to appeal his conviction and sentence, and (2) to seek habeas relief under 18 U.S.C. § 2255, Petitioner now seeks relief from this Court in the form of a petition for writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651. Petitioner bases his request on newly discovered evidence. That new evidence is that one of the Government's key witnesses in the case against him—Officer Jeffrey Walker—recently admitted under oath that, on numerous occasions, he perjured himself,

fixed cases, and planted guns and drugs on arrestees to secure convictions. These acts were committed during the same time period of Petitioner's arrest, and in the same precinct as Petitioner's arrest. We believe that Petitioner, at the very least, should be able to question Officer Walker about the circumstances of his arrest. However, we simply lack the jurisdiction to provide Petitioner with such relief. As a result, we are compelled to deny his Petition for writ of error *coram nobis*.

### A.     Procedural History

On April 24, 1996, a grand jury returned an indictment charging Petitioner Alfred Dover with one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count One); one count of use of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Two); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). (Resp. Mot. 1, ECF No. 262.)   Petitioner's codefendant, Montrell Gary, was charged with possession of cocaine base with intent to distribute. (*Id.*)  Petitioner and Gary's first trial in November 1996 resulted in a hung jury. A retrial was held in February 1997. (Mot. Set Aside Verdict ¶¶ 3-4.) On February 7, 1997, following a trial before the Honorable Raymond J. Broderick, Petitioner and Gary were found guilty by a jury of all charges. (*Id.* ¶ 14.) Petitioner was sentenced to 188 months in prison on Count One, with a consecutive 60-month prison term on Count Two, and a 120-month term on Count Three to be served concurrently with the sentence imposed on Count One. (*Id.* ¶ 19.) The Court also imposed a five-year term of supervised release to follow the jail sentence. (Resp. Mot. 2.) Petitioner filed an appeal. On July 7, 1998, the Third Circuit Court of Appeals affirmed the judgment of sentence. *United States v. Dover*, 159 F.3d 1353, 1353 (3d. Cir. 1998).

On October 26, 1998, Petitioner filed a Motion to Supersede Judgment pursuant to Fed. R. Civ. P. 60(b)(4). (ECF No. 139.) The District Court construed the motion as one attacking a sentence pursuant to 28 U.S.C. § 2255. This Motion was denied on April 8, 1999. (ECF No. 141.) Petitioner then requested a certificate of appealability, which was denied by the District Court on August 26, 1999. (ECF No. 153.) However, the Third Circuit granted the certificate on July 10, 2000, and remanded the matter to District Court. (Mot. Set Aside Verdict ¶ 24.)

On September 5, 2000, Petitioner filed a motion pursuant to 28 U.S.C. § 2255. (ECF No. 168.) The motion was denied on May 17, 2002. (ECF No. 191.) Petitioner filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines on December 22, 2014. (ECF No. 245.) That motion was granted on February 24, 2015, and Petitioner's sentence was reduced from 248 months to 208 months. (ECF No. 254.)

On January 15, 2015, Petitioner filed a motion in the Third Circuit requesting approval to file a successive § 2255 motion. Petitioner argued that a government witness at the 1997 trial, Police Officer Brian Reynolds, had been federally indicted along with other officers on corruption charges related to official misconduct. In addition, another trial witness, Officer Jeffrey Walker, had entered a plea of guilty to similar charges. (Resp. Mot. 2.) The charges related to fabricating testimony and planting evidence. Reynolds and Walker were involved in the arrest and conviction of Petitioner on the 1996 charges. On February 4, 2015, The Third Circuit denied the motion. The Court determined that Petitioner had failed to make a prima facie showing that his proposed § 2255 motion relies on either of the following: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offenses; and (2) a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavoidable. (Feb. 4, 2015 Third Circuit Order, ECF No. 249.)

On May 27, 2015, Petitioner filed a letter pro se, which he characterized as a motion under 28 U.S.C. § 2255. Petitioner alleged that Officer Walker's testimony at a recent federal trial revealed that he and Officer Reynolds had participated in corrupt acts during the time of Petitioner's arrest, such as planting drugs and guns in order to secure convictions. (Mot. Vacate 2, ECF No. 256.) Counsel was appointed to represent Petitioner, and on August 26, 2015, the instant Petition for a Writ of Error *Coram Nobis* was filed.

### B.   Factual Background

#### 1.   *The Evidence at Petitioner's Trials*

Petitioner's first trial was conducted from November 21 to November 25, 1996, and resulted in a hung jury. (Mot. Set Aside Verdict ¶ 3.) The second trial occurred in February 1997. (*Id.* ¶ 4.) Officer Brian Reynolds was the government's first witness at both trials. (*Id.* ¶ 5.) Officer Reynolds testified that on October 30, 1995, at approximately 2:00 a.m., he saw Petitioner, Montrell Gary, and two other males standing outside a Lucky 7 convenience store at 43rd Street and Westminster Avenue in the 16th District of Philadelphia, Pennsylvania. (*Id.* ¶ 6.) The males appeared to be locking a security gate at the rear of the store. (Resp. Mot. 3.) After Officer Reynolds ordered the males to approach him, Petitioner took out a white plastic bag, tossed it to Montrell Gary, and both ran away. (Mot. Set Aside Verdict ¶ 7.) Officer Reynolds and his partner, Sergeant Daniel MacDonald, pursued Petitioner and Gary. (*Id.* ¶ 8.) Officer Reynolds testified that he ultimately pushed Gary to the ground and arrested him. Sergeant MacDonald arrested Petitioner. (*Id.* ¶¶ 8-9.)

4

Sergeant MacDonald testified that when he arrived on the scene with Officer Reynolds, he observed Petitioner with a handgun. (*Id.* ¶ 10.) Sergeant MacDonald further testified that after he chased and tackled Petitioner to the ground, Sergeant MacDonald then handcuffed Petitioner, who was found to be in possession of a concealed handgun. (*Id.* ¶ 11.) At that point, backup officers arrived and helped Officer Reynolds handcuff Gary. (Resp. Mot. 4.) Officer Reynolds picked up the white plastic bag and handed it to Sergeant MacDonald, who observed that it contained a brown paper bag filled with packets of crack cocaine. (*Id.* at 4.)

Officer Michael Walker, who arrived on the scene as part of the backup along with Officer Joanne Thomas, testified only at the second trial. (Mot. Set Aside Verdict ¶ 13.) Officer Thomas testified that when she arrived at the scene, she saw Officer Reynolds handcuff Gary and assisted in picking him up off the ground and walking him to a police wagon. (*Id.* ¶ 12.) Officer Walker testified that he observed Officer Reynolds pick up the white plastic bag that contained packets of crack cocaine. (Resp. Mot. 5.) Two other backup officers, Patricia Myers-Newell and Robert Numan, both testified that they heard Petitioner's gun hit the ground and then heard Officer Thomas say "it's a gun." (*Id.* at 4.) Officers Myers-Newell testified that she saw Officer Reynolds recover the white plastic bag containing the crack cocaine. (*Id.*)

2. *The Evidence at Officer Reynold's Trial*

From April 14 through April 16, 2015, Officer Walker testified as a government cooperating witness against defendant Officers Brian Reynolds, Thomas Liciardello, Michael Spicer, Perry Betts, Linwood Norman, and John Spieser. (Mot. Set Aside Verdict ¶ 33.) The officers had been federally indicted on counts of RICO conspiracy, extortion, and falsification of records for their participation in corrupt acts. (*Id.* ¶ 35.) Officer Walker did not specifically testify about the incidents that surround Petitioner's arrest. (*Id.* ¶ 36.) He did, however, testify

that he had engaged in corrupt practices since the early 1990s, including his time as an officer in the 16th District from 1989 to 1999. (*Id.* ¶ 37.) This time period and location encompass the crime for which Petitioner was convicted. Officer Walker testified that he often stole money from suspects and committed perjury in front of numerous juries with regard to defendants possessing drugs. (*Id.* ¶¶ 38-41.) Officer Walker also admitted to planting drugs and guns on people numerous times, together with Officers Reynolds and Liciardello. (*Id.* ¶ 47.)

## II.   LEGAL STANDARD

The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Included as part of the Act is the writ of error *coram nobis*. *United States v. Denedo*, 556 U.S. 904, 911 (2009). The writ is an ancient common-law remedy "designed to correct errors of fact." *United States v. Chartock*, 556 F. App'x 158, 160 (3d Cir. 2014). The writ can only be issued to redress errors of the most fundamental kind, as opposed to mere technical ones. *Denedo*, 556 U.S. at 911.

In addition, the writ is "an 'infrequent' and 'extraordinary' form of relief that is reserved for 'exceptional circumstances.'" *United States v. Babalola*, 248 F. App'x 409, 411 (3d Cir. 2007) (quoting *United States v. Stoneman*, 870 F.2d 102, 106 (3d Cir. 1989)); *United States v. Osser*, 864 F.2d 1056, 1059 (3d Cir. 1988); *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996) (noting that the remedy is so extreme that it "is difficult to conceive of a situation in a federal criminal case today where [a writ of error *coram nobis*] would be necessary or appropriate"). This is because to successfully petition for a writ of error *coram nobis*, a petitioner must prove that he suffers continuing consequences from his conviction and that he is no longer in custody for purposes of 28 U.S.C § 2255. *Stoneman*, 870 F.2d at 105-06. As a

6

result, a criminal defendant in custody "may not challenge his sentence under a motion for a writ of error *coram nobis* when he could raise the same challenge in a motion under § 2255." *United States v. Angel*, No. 94-189, 1999 WL 975122, at *2 (E.D. Pa. Oct. 8, 1999).[1]

Finally, a petitioner seeking a writ of error *coram nobis* must demonstrate that: (1) "there was no remedy available at the time of trial;" (2) "sound reasons exist for failing to seek relief earlier; and (3) the trial contained errors of" the most fundamental kind." *Stoneman*, 870 F.2d at 106. The writ of error *coram nobis* is an extraordinary remedy that can only offer relief under very limited circumstances. *United States v. Cariola*, 323 F.2d 180, 184 (3d Cir. 1963). The standard for obtaining the writ is more stringent than the standard on direct appeal or the standard for seeking *habeas corpus* relief under § 2255. *Stoneman*, 870 F.2d at 106. "Any proceeding which is challenged by the writ is presumed to be correct and the burden rests on its assailant to show otherwise. . . . Relief will be granted only when circumstances compel such action 'to achieve justice.'" *Cariola*, 323 F.2d at 184 (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)).

## III. DISCUSSION

Petitioner argues that he is entitled to relief under the writ of error *coram nobis* for several reasons. Petitioner claims that he continues to suffer consequences from his conviction in that he will have difficulty finding a job and supporting his family. Petitioner also claims that there was no remedy at the time of trial because the perjury committed by Officer Walker was not discovered until recently, years after his trial. He contends that because of this, sound reasons existed for failing to seek relief earlier. Finally, Petitioner claims that Officer Walker's

---

[1] The Supreme Court has stated that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pa. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985).

perjury constitutes a fundamental error. The Government responds that the Court lacks jurisdiction to consider Petitioner's requested relief because he is still "in custody" and therefore has other remedies available to him.

It is well-settled that a *coram nobis* petition may not be filed when a petitioner is in custody. *United States v. Baptiste*, 223 F.3d 188, 189-90 (3d Cir. 2000) ("There is no basis here for *coram nobis* relief, because [the petitioner] is still in custody."); *see also United States v. Stuler*, 614 F. App'x 597, 598 (3d Cir. 2015) ("Coram nobis is used to attack convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of § 2255."); *Phillips v. Norward*, 614 F. App'x 583, 586 (3d Cir. 2015). "The meaning of 'custody' has been broadened so that it is no longer limited . . . to physical custody alone but also applies where individuals are subject both to significant restraints on liberty . . . which were not shared by the public generally, along with some type of continuing governmental supervision." *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (citations and internal quotation marks omitted).

Here, Petitioner has served his sentence and is currently serving a five-year term of supervised release. Since supervised release imposes significant restraints on liberty not experienced by the public generally, it has been consistently held to constitute custody. *See United States v. Essig*, 10 F.3d 968, 970 n.3 (3d Cir. 1993) (holding that the petitioner was still a "prisoner in custody" within the meaning of § 2255 because he was "subject to a three year period of supervised release"); *see also Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (finding that a prisoner placed on parole was still in custody); *United States v. Baird*, 312 F. App'x 449, 450 (3d Cir. 2008) ("We have made plain that a petitioner on supervised release is 'in custody' for purposes of § 2255."). If a petitioner is in custody, an extraordinary remedy like the writ of error *coram nobis* "may not issue when alternative remedies, such as habeas corpus, are

available." *Hyman v. United States*, 444 F. App'x 579, 580 (3d Cir. 2011) (quoting *United States v. Denedo*, 556 U.S. 904, 911 (2009)). "[T]he procedural barriers erected by [§ 2255] are not sufficient to enable a petitioner to resort to coram nobis merely because he/she is unable to meet [§ 2255's] gatekeeping requirements." *United States v. Baptiste*, 223 F.3d 188, 189-90 (3d Cir. 2000). Likewise, § 2255 is not considered "'inadequate or ineffective,' thereby enabling a prisoner to resort to coram nobis, by the mere fact that he cannot meet the stringent standards for authorizing the filing of a second or successive § 2255 motion." *United States v. Fraction*, 315 F. App'x 431, 433 (3d Cir. 2009).

Because Petitioner is still in custody, we simply lack the jurisdiction to entertain a petition for a writ of error *coram nobis*. *See Ajao v. United States*, 256 F. App'x 526, 527 (3d Cir. 2007) ("A defendant serving a term of supervised release remains in 'custody' and cannot obtain relief through a writ of *error coram nobis*." (citing *United States v. Sandles*, 469 F.3d 508, 517 (6th Cir. 2006)). Petitioner's avenue of relief must be through 28 U.S.C. § 2255, and not through the writ of error *coram nobis*.[2]

Petitioner has already filed a habeas petition under § 2255. Therefore, his only recourse is to seek permission from the Third Circuit to file a second or successive habeas petition. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . . ."). Petitioner has already sought permission from the Third

---

[2] Petitioner relies on the case of *In re Nwanze* to argue that in some instances, a petition for *coram nobis* can be brought when the petitioner is still in custody. 242 F.3d 521 (3d Cir. 2001). Petitioner's reliance is misplaced. The Third Circuit has never held that *Nwanze* or any other petitioner in custody is entitled to *coram nobis* relief. In fact, the Third Circuit has held on at least three occasions—albeit in non-precedential opinions—that petitioners may not seek *coram nobis* relief while in custody, and specifically while under supervised release. *See Ajao*, 256 F. App'x at 527; *Baird*, 312 F. App'x at 450; *United States v. Abuhouran*, 508 F. App'x 95, 96 (3d Cir. 2013) (affirming district court's dismissal of petitioner's *coram nobis* petition because the petitioner was serving a five-year term of supervised release, was therefore in custody, and could pursue a second or successive habeas petition for relief).

9

Circuit to file a second or successive habeas petition. That request was denied on February 4, 2015. At the time, Jeffrey Walker had not yet testified against Officer Reynolds and the other officers. Walker's testimony revealed that he and Officer Reynolds—both key Government witnesses in the case against Petitioner—had engaged in corrupt acts, such as planting guns and drugs on arrestees to secure convictions, and committing perjury. These acts were committed during the time period and in the precinct of Petitioner's arrest. Accordingly, although the Court lacks jurisdiction over the Petition for a Writ of Error *Coram Nobis*, the relief sought in that Petition is more appropriately construed as a request for a second or successive § 2255 motion under § 2255(h).

Under 28 U.S.C. § 1631, when a district court itself lacks jurisdiction over a case, it must transfer the matter to a court that has jurisdiction, unless after an examination of the record, the district court determines that it would not be in the interest of justice to do so. 28 U.S.C. § 1631. We find that the interests of justice require the transfer of Petitioner's motion to the Third Circuit for their consideration of whether this newly discovered evidence satisfies the standard for granting a second or successive habeas petition.[3] We again emphasize that Petitioner has repeatedly, consistently, and unequivocally maintained his innocence, even during his sentencing. We also note that Jeffrey Walker's testimony has prompted the Defender Association of Philadelphia and the District Attorney's Office to reexamine hundreds of cases involving the officers federally indicted, including Reynolds and Walker.[4] As of August 2015,

---

[3] To meet this standard, Petitioner must show that the "newly discovered evidence . . . if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1).

[4] Phila. Judge Overturns 158 Convictions Tied to Rogue Narcotics Cops (Aug. 8, 2015, 1:06 AM), http://www.philly.com/philly/news/20150808_Phila__judge_overturns_158_convictions_tied_to_rogue_narcotics_cops.html.

over 550 convictions had been vacated by the state court. We are aware of no similar reexamination occurring at the federal level, and are perplexed by the Government's reluctance to permit Petitioner to make inquiry of Walker with regard to the circumstances of Petitioner's arrest. Unfortunately, at this juncture we lack the jurisdiction to grant relief to Petitioner.

**IV. CONCLUSION**

For the foregoing reasons, Alfred Dover's Petition for a Writ of Error *Coram Nobis* pursuant to 28 U.S.C. § 1651(a) will be denied, and transferred to the Third Circuit Court of Appeals as a petition for leave to file a second or successive habeas petition under 28 U.S.C. § 2255(h).

An appropriate Order follows.

                                              **BY THE COURT:**

                                              _____
                                              **R. BARCLAY SURRICK, J.**